IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACEY B. McKINNEY #155499, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 2:08-CV-90-NEF |
| SMALLWOOD PRISON DENTAL ) | |
| SERVICES, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND AMENDED COMPLAINT**

COMES NOW the Defendant, Dr. El-Cid V. Burkett, (hereinafter "Burkett" or "Defendant") by and through counsel, and for answer to Plaintiff's Original Complaint and Amended Complaint, states as follows

**FACTUAL ALLEGATIONS**

Plaintiff, Stacey B. McKinney ("McKinney"), an inmate incarcerated at the Bullock County Correctional Facility located in Union Springs, Alabama, instituted this action on February 8, 2008. (See Complaint). In the initial Complaint, McKinney alleged that sometime in either October or November, 2007, he had his teeth cleaned at the Bullock County Correctional Facility. The original Complaint alleged that McKinney was seen by a dental hygienist by the name of Tracy Arochie [sic] (Tracy Archie). McKinney alleged in his original Complaint that after his visit with the dental hygienist, he began experiencing pain and bleeding in his gums. The Complaint alleged that after being seen and treated by the dental hygienist, McKinney was seen by Dr. El-Cid Burkett

{B0847863}

and was allegedly informed that Ms. Archie had been fired due to the fact that she did not have a license to practice dental hygiene. (Id.).

The original Complaint stated that McKinney was suing Smallwood Prison Dental Services for contracting with a dental hygienist that was not licensed. The original Complaint stated that McKinney was making claims against Tracy Archie for acting as a licensed professional and causing him injury. The original Complaint stated that McKinney was **not** suing Dr. Burkett, but only requesting a copy of his dental file and the name and address of Smallwood Prison Dental Services. (Id.).

On April 23, 2008, the Plaintiff filed an Amended Complaint. The Defendant, Dr. El-Cid Burkett, DDS, denies each and every allegation contained in the Plaintiff's Amended Complaint regarding the Plaintiff's alleged denial of partials.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Burkett for which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

### THIRD DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of latches.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over this dispute.

## EIGHTH DEFENSE

This Court is the improper venue in which to assert this action.

## NINTH DEFENSE

Plaintiff lacks standing to bring this action.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrine of sovereign immunity.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

### SIXTEENTH DEFENSE

Burkett avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or which Burkett is not responsible.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred because Burkett did not breach any duty allegedly owed to Plaintiff.

### EIGHTEENTH DEFENSE

Plaintiff claims are barred because there is no causal relationship, legal or proximate, between any actions or failures to act by Burkett and the Plaintiff's alleged injuries and damages.

### NINETEENTH DEFENSE

Plaintiff claims are barred because of the existence of superseding, intervening causes.

### TWENTIETH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against Burkett.

{B0847863}

### TWENTY-FIRST DEFENSE

Plaintiff has failed to exhaust or attempt to exhaust administrative remedies. 42 U.S.C. § 1997e(a)(2005).

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(a)(2005).

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred because the injunctive relief sought is not sufficiently narrowly drawn. 18 U.S.C. § 3626(a)(1)(A)(2005).

### TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred because the Plaintiff is seeking to question a medical judgment via 42 U.S.C. § 1983.

### TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred because Burkett did not act with deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976).

### TWENTY-SIXTH DEFENSE

To the extent Plaintiff seeks to recover any attorney fees, Burkett objects to any and all such requests for fees that are not asserted in the Complaint or otherwise approved by Court Order.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages violate Burkett's United States and Alabama Constitutional protections from, including without limitation, excessive fines,

cruel and unusual punishment, denial of due process and denial of equal protection of the law.

### TWENTY-EIGHTH DEFENSE

Burkett adopts and asserts all defenses set forth in the Alabama Medical Liability Act, § 6-5-481 et seq, and § 6-5-542 et seq.

### TWENTY-NINTH DEFENSE

The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amended to 42 U.S.C. § 1997(e)(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F.Supp. 2d 109 (S.D.N.Y. 1999)(claims concerning Defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by the exhaustion requirement).

### THIRTIETH DEFENSE

The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages for the Defendant which is entitled to immunity.

### THIRTY-FIRST DEFENSE

The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e).

{B0847863}

**THIRTY-SECOND DEFENSE**

The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmate must follow in filing *informa pauperis* actions in federal court.

**THIRTY-THIRD DEFENSE**

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from Defendants that are entitled to immunity as provided for in 42 U.S.C. § 1997(e)(c).

**THIRTY-FOURTH DEFENSE**

Burkett asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation, and requests this Court, pursuant to 42 U.S.C. § 1988, to award Burkett reasonable attorney fees and costs incurred in the defense of this case.

**THIRTY-FIFTH DEFENSE**

The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F.Supp 2d 1252 (D.Kan. 1999).

s/Philip G. Piggott
PHILIP G. PIGGOTT
ASB 4379-P67P
E-Mail: pgp@starneslaw.com

WILLIAM ANTHONY DAVIS, III
ASB#: 5657-D65W
E-Mail: tdavis@starneslaw.com

Starnes & Atchison LLP
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259-8512
Telephone: (205) 868-6000
Fax: (205) 868-6099

Attorneys for Correctional
Medical Services, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and I hereby certified that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

Stacey B. McKinney #155499
Bullock County Correctional Facility
P.O. Box 5107
Union Springs, AL 36089-5107

Albert Sims Butler, Esq.
Alabama Department of Corrections
P.O. Box 301501
Montgomery, AL 36130-1501

s/Philip G. Piggott
PHILIP G. PIGGOTT
ASB#: 4379-P67P
E-mail: ppiggott@starneslaw.com

8

{B0847863}