**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **STACY B. McKINNEY (AIS # 155499),** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-CV-90-MEF |
| | § | |
| **SMALLWOOD PRISON DENTAL** | § | |
| **SERVICES, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**ANSWER OF DEFENDANTS SMALLWOOD PRISON DENTAL SERVICES, INC. AND TRACIE ARCHIE, R.D.H.**

COME NOW Defendants, Smallwood Prison Dental Services, Inc. (identified in Plaintiff's complaint as "Smallwood Prison Dental Services") and Tracie Archie, R.D.H. (incorrectly identified in Plaintiff's complaint as "Tracy Arochie") and for answer to Plaintiff's complaint, state as follows:

Defendants assert the following defenses to the Plaintiff's claims:

1. Defendants deny each and every material allegation contained in the Plaintiff's complaint, or amended Complaint, and demand strict proof thereof.

2. Defendants plead not guilty to the charges in the Plaintiff's complaint.

3. The Plaintiff's complaint fails to state a claim against the Defendants for which relief can be granted.

4. Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the complaint.

6.     Defendants plead the defense of qualified immunity and aver that the actions taken by the Medical Defendants were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.     Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendants have violated any clearly established constitutional right.

8.     Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9.     The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's complaint against the Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18. Defendants plead the affirmative defense that the Plaintiff's complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20. Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22. Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.     Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a).  The Plaintiff has failed to pursue the administrative remedies available to him.  See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.     Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.     Defendants assert that the Plaintiff's complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42

U.S.C. § 1988 to award these Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.     The Plaintiff's claims are moot because the events which underlie the controversy have been resolved.  See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

Respectfully submitted this the 2nd day of June, 2008.

>*s/ R. Brett Garrett*
>R. BRETT GARRETT (GAR085)
>Attorney for Defendant, Smallwood Prison
>Dental Services, Inc. and Tracie Archie,
>R.D.H.

Of Counsel:
Rushton, Stakely, Johnston & Garrett, P.A.
PO Box 270
Montgomery, AL 36101-0270
334-206-3260 (phone)
334-481-0808 (fax)
bg@rsjg.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2008, I served a copy of the foregoing, either electronically or by U.S. Mail, postage prepaid and properly addressed, to the following:

Stacey B. McKinney (AIS # 155499)
BULLOCK COUNTY CORRECTIONAL FACILITY
PO Box 5107
Union Springs, AL 36089-5107

Philip Guy Piggott, Esq.
STARNES & ATCHISON
PO Box 598512
100 Brookwood Place
Birmingham, AL 35259-8512

>*s/ R. Brett Garrett*
>Of Counsel